

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 8, 1951

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. V-1301

Re: Legality of paying salaries
and traveling expenses of
vocational teacher trainers
employed by the Texas Educa-
tion Agency while teaching
at State supported colleges
or universities.

Dear Sir:

In your letter requesting an opinion of this
office you state the following:

"We desire an opinion of your office
concerning the legality of paying salaries
and traveling expenses of vocational
teacher trainers employed by the Texas Edu-
cation Agency while such vocational teacher
trainers are conducting classes on the
campus of a state supported college or uni-
versity.

"Each year the University of Texas
and the A & M College of Texas hold a joint
six-weeks summer session particularly for
teachers of trade and industrial subjects
and for coordinators of industrial coopera-
tive training. Each summer the staffs of
both these institutions join together to
provide the specialized training given in
the summer session, and it is held alter-
nately at Austin and College Station. Only
trade and industrial teachers or individuals
possessing the basic qualifications required
of such teachers are admitted to such class-
es. These courses of instruction are not
conventional courses, and until about 1947

did not carry college credit of any description.   Since that time both A & M College and the University of Texas have exercised their privilege of granting credit on any course that they deem proper and have placed these courses among those for which credit is given.

"The training given in these sessions is a project of the State Board for Vocational Education of the Texas Education Agency carried on by one of its employees. The employee is given this assignment because the training of coordinators is a part of his job.  Meetings are held at A & M College or the University of Texas concurrent with summer school because facilities are available during this period and because the participants are available without making a special trip.  Originally these sessions operated six to eight hours per day for two weeks.  When operated in conjunction with summer school, they are operated for three to four hours per day for six weeks."

Article 2658, Vernon's Civil Statutes, the statute under which you acted in assigning an employee to teach at the joint summer session mentioned in your request, provides:

"He /Commissioner of Education7 shall inform himself concerning the educational progress of the different parts of this State and of other States.  In so far as he may be able, he shall visit different sections of this State and address teachers' institutes, associations, summer normals and other educational gatherings, instruct teachers and arouse educational sentiment; and the Legislature shall make adequate appropriation for necessary traveling expenses, or those of his representative, when in the service of the State."

In Attorney General's Opinion O-1934 (1940), the above statute was construed, and it is there stated:

"We construe the first portion of the second sentence of such Article as permitting the State Superintendent of Public Instruction, or his authorized representative, to visit different sections of the State and address teachers' institutes, associations, summer normals and other educational gatherings of a similar nature to those previously enumerated, for the purpose of instructing teachers and arousing educational sentiment.

"This Article furnishes authority for incurring traveling expenses for the purposes enumerated therein. By necessary implication, there is granted no authority to the State Superintendent of Public Instruction or his representative to travel at the expense of the State for the purpose of addressing gatherings other than educational gatherings of a character similar to teachers' institutes, associations, and summer normals. . . ."

The sessions which you describe in your request are in the nature of summer normals, since they are held for the purpose of training "trade or industrial teachers or individuals possessing the basic qualifications required of such teachers." Certainly the persons assigned by you to the summer sessions were instructing teachers, and in either case the activity would come within the provisions of the above-quoted statute.

Under the stated facts, the employee in question is not employed by The University of Texas or the Agricultural and Mechanical College of Texas, nor does he receive any salary or compensation from either school. We are of the opinion that he does not hold any position of honor, trust or profit in one of these institutions within the meaning of Section 33 of Article XVI, Constitution of Texas, which forbids the issuance of a warrant to a State employee who holds any other position of honor, trust, or profit under the State. Therefore, the payment of his salary and traveling expenses is not in violation of this constitutional provision.

The Legislature having made adequate appropriation for the traveling expenses involved and the Commissioner of Education having express authority to send his representative to the joint summer session in question,

the salary and traveling expenses of the vocational teacher trainer in question may properly be paid.

## SUMMARY

The salaries and traveling expenses of vocational teacher trainers employed by the Texas Education Agency may be paid while teaching a summer session for teachers of trade and industrial subjects, held at a State supported college or university.

Yours very truly,

APPROVED:

C. K. Richards
Trial & Appellate Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

EJ:wb

PRICE DANIEL
Attorney General

By E. Jacobson
 E. Jacobson
  Assistant